# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LHC, LLC, | ) | |
|     Plaintiff, | ) | Case Nos.: 14 C 9703 and |
| | ) | 14 C 10105 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Club Sporting Consulting Group, Inc., | ) | |
| Don LaPato and Michael Durkin, | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, LaPato and Durkin's motions to withdraw the reference (No. 14 C 9703, Dkt. # 1; No. 14 C 10105, Dkt. # 1) are granted. Defendants to file a motion addressing the Court's subject matter jurisdiction no later than July 24, 2015 and any response to be filed no later than August 7, 2015. No reply shall be filed unless so directed by the Court.

## STATEMENT

On February 25, 2013, LHC, LLC ("LHC" or "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On October 24, 2014, LHC filed an adversary proceeding against Don Lapato, Club Sports Consulting Group, Inc. ("Club") and Michael Durkin (collectively, "Defendants"). The adversary proceeding complaint alleges claims for breach of contract, accounting, conversion and breach of fiduciary duty. Lapato is named in the last three counts while Durkin is named in the last two. Lapato and Durkin requested separately a withdrawal of the reference to the bankruptcy court. Because the relevant issues are essentially the same in both motions, the Court addresses them both in this order.

District courts may refer "proceedings arising under title 11 or arising in or related to a case under title 11" to specialized bankruptcy judges. 28 U.S.C. § 157(a); *see* N.D. Ill. IOP 15(a); *Exec.*

*Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2171 (2014). A district court, however, "may withdraw, in whole or in part, any case or proceeding [referred to a bankruptcy judge], on its own motion or timely motion of any party, for cause shown." 28 U.S.C. § 157(d). When determining whether to grant a motion to withdraw the reference, courts look in part to whether the claims asserted are core or non-core. *Fed. Deposit Ins. Corp. v. Veluchamy*, No. 12 C 7496, 2014 WL 5420177, at *3 (N.D. Ill. Oct. 21, 2014). Indeed, LHC asserts that "[t]his Court has held that the most important factor [in determining whether cause exists for withdrawal] is whether the adversary proceeding is a core or non-core proceeding." (LHC's Resp. Mot. Withdraw Reference, Dkt. # 8, at 4.)

Bankruptcy courts have statutory authority to issue final orders and judgments only in "core proceedings arising under title 11, or arising in a case under title 11." *STC, Inc. v. Global Traffic Techs., LLC*, No. 15 C 0037, 2015 WL 1042431, at *2 (S.D. Ill. Mar. 6, 2015) (quoting 28 U.S.C. § 157(b)(1)). However, as to claims that are only "related to" the bankruptcy proceedings (*i.e.*, a non-core claim), a bankruptcy court may not enter final judgment without the parties' consent but "shall submit proposed findings of fact and conclusions of law to the district court" for *de novo* review and entry of final judgment. *Id*. (citing 28 U.S.C. §§ 157(c)(1), (c)(2)).

"Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *In re United States Brass Corp*., 110 F.3d 1261, 1268 (7th Cir. 1997). In other words, "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett*

2

*v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). Alternatively, a proceeding is non-core if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id*. Such a proceeding "may be related to the bankruptcy because of its potential effect, but . . . it is . . . [a] non-core proceeding." *Id.*

Taking into consideration these parameters noted above, the Court concludes that Counts II (accounting), Count III (conversion), and Count IV (breach of fiduciary duty) are non-core proceedings. None of the counts invokes a substantive right provided by the Bankruptcy Code or that could arise only in the context of a bankruptcy case, and each claim can and does exist outside of bankruptcy. Indeed, LHC's adversary complaint alleging these claims makes no reference to the bankruptcy proceeding or any provision of bankruptcy law.

The breach of fiduciary duty claim is non-core. *See, e.g., In re FMG, Inc.*, No. 91 C 6018, 1991 WL 230390, at *1 (N.D. Ill. Oct. 28, 1991) ("[S]tate law claims [such as breach of fiduciary duty] have traditionally and consistently been found to be non-core in nature due to their tenuous relationship to a bankruptcy case"). LHC's attempt to recharacterize the conversion claim as a request for turnover of property under § 542 of the Bankruptcy Code is unavailing. Leafs Hockey Club, Inc., the sole member of LHC, asserted the same conversion claim in a third-party complaint against LaPato, Durkin and the Club in a separate but related diversity case currently pending in this district. (*Wells Fargo, N.A. v. Leafs Hockey Club, Inc*. No. 13 C 2247, N.D. Ill., Dkt. # 32 at 41-42.) The claim, as plead in this case, does not invoke a right provided by Title 11 or that could arise only in the context of a bankruptcy case. In addition, the accounting claim is also non-core because it can arise wholly outside of the bankruptcy context. Indeed, in the related *Wells Fargo* case just noted,

3

Leafs Hockey Club, Inc. filed a counterclaim against the bank seeking an accounting. (*Wells Fargo, N.A. v. Leafs Hockey Club, Inc.*, No. 13 C 2247, N.D. Ill., Dkt. # 32 at 35-36.)

While it is true that resolution of the counts may have an effect on the pending bankruptcy proceeding, that possibility does not convert the claims into core proceedings. Moreover, as to Durkin and LaPato, the fact that they are not part of the bankruptcy proceedings dictates in favor of finding the claims against them to be non-core. *In re Sokol*, 60 B.R. 294, 296 (N.D. Ill. 1996) ("[A]s a general rule, . . . a matter that arises under nonbankruptcy law and happens to be of issue in a bankruptcy case merely because of the accidental fact that one of the parties to the dispute is a debtor in the bankruptcy case usually is not a core proceeding. . . . *That is particularly true where, as here, the debtor is the plaintiff asserting a claim against one who asserts no creditor claim in the bankruptcy case*.") (internal citation omitted and emphasis added).

The breach of contract count (Count I) is also non-core. *In re K & R Express Sys., Inc.,* 382 B.R. 443, 447 (N.D. Ill. 2007) (noting that a breach of contract claim has "generally been deemed non-core"); *In re Sokol*, 60 B. R. at 297 ("[S]tate law contract claims do not fall within the meaning of core proceedings"). Club, however, the sole defendant listed in that count, has filed a proof of claim in the bankruptcy and has not filed a motion to withdraw the reference; thus, it may have impliedly consented to the Bankruptcy Court rendering final judgment on that count. *Compare Stern*, 131 S. Ct. at 2614-15 (stating that creditor did not "truly consent" to bankruptcy jurisdiction by filing proof of claim because he "had nowhere else to go if he wished to recover from [the debtor's] estate") (citation and internal quotation marks omitted) *with In re K&R Express Sys.*, 382 B.R. at 448 (by filing proof of claim in bankruptcy proceeding, defendant in adversary proceeding had consented to jurisdiction of bankruptcy court and waived right to jury trial). Nevertheless, the

4

Court concludes that in order to avoid duplicative litigation and the resulting waste of resources as well as potential inconsistent judgments, withdrawal of the reference as to the breach of contract count is also appropriate. *In re K&R Express Sys.*, 382 B.R. at 448-49 (based on "considerations of judicial economy and confusion," concluding that court would withdraw reference of claim in adversary proceeding against defendant that had filed a proof of claim in bankruptcy proceeding – thus impliedly consenting to the jurisdiction of the bankruptcy court – along with claims by other defendants which had not filed proofs of claim and demanded a jury).

Because the claims at issue are non-core and neither Durkin nor LaPato waive their right to a jury trial on their legal claims[1] nor consent to the Bankruptcy Court's jurisdiction, the Court finds cause to withdraw the reference as to all claims. *In re FMG*, 1991 WL 230390, at *1 ("Cause exists where a 'party to a non-core proceeding stands on its right to trial by jury . . . and the parties do not consent to adjudication by the bankruptcy court.'") (citation omitted). *See also In re Reda*, 60 B.R. at 182 ("It would be impractical and make no sense in terms of judicial economy to hold a jury trial in a non-core proceeding where the parties have not given their consent to the bankruptcy court's

---

[1] A right to a jury trial exists as to the breach of contract, breach of fiduciary duty and conversion claims. *See In re Auto. Prof'ls, Inc*., 389 B.R. 621, 628 (N.D. Ill. 2008) ("Trustee's claims for fraud in the inducement, breach of contract, promissory estoppel and unjust enrichment, which are neither created under the Bankruptcy Code nor core proceedings, are all private state-law causes of action as to which Congress lacks the power to eliminate the right to trial by jury"); *CDX Liquidating Trust v. Venrock Assocs*., No. 04 C 7236, 2007 WL 1673403, at *2 (N.D. Ill. June 4, 2007) ("[W]hen looked at as a whole, the Trustee's complaint (which included counts of breach of fiduciary duty, aiding and abetting breaches of fiduciary duty, civil conspiracy to breach fiduciary duty, and equitable insubordination) established a right to a jury trial because 't]he remedy the Trustee seeks for all of these claims . . . is money damages'") (citation omitted); *In re Reda*, 60 B.R. at 182 (concluding that debtor's state law conversion claim includes right to a jury trial).

jurisdiction" since the "likelihood of a second jury trial in the district court is great").[2] To the extent that the accounting and conversion claims are equitable in nature and no right to a jury trial attaches, the Court, in its discretion and in the interests of justice and judicial efficiency, withdraws the reference as to those claims in addition to the breach of contract and breach of fiduciary duty claims. *See Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974) (when a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact").

In the event that the claims by LHC are core proceedings as it asserts, then the Bankruptcy Court lacks constitutional authority to enter final judgment on them. *See Stern v. Marshall*, 131 S. Ct. 2594 (2011). A bankruptcy court's jurisdiction depends not only on its statutory authority but is also circumscribed by constitutional limitations. "[A]s a general rule, Congress may not 'withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty.'" *Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 763 (7th Cir. 2013) (citation omitted), *rev'd on other grounds*, 135 S. Ct. 1932 (2015). "[S]uits that are made of 'the stuff of the traditional actions at common law tried by the courts at Westminster in 1789,' . . . must be decided by Article III judges when brought within the bounds of federal jurisdiction." *Id*. (citation omitted). "Bankruptcy judges are not Article III judges." *Id*. Thus, a bankruptcy judge lacks constitutional authority to enter final judgment on a core proceeding that presents "a state-law claim between private parties that is wholly independent of federal bankruptcy law and is not resolved in the claims-allowance process," *id.* at 775-76, unless the parties have consented.

---

[2] The Court reiterates that while Club may have impliedly consented to the Bankruptcy Court issuing a final judgment on the breach of contract claim (Count I), an issue this Court does not decide, judicial efficiency calls for withdrawing the case in its entirety.

*Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944-45 (2015) ("[W]e conclude that allowing bankruptcy litigants to waive the right to Article III adjudicaton of *Stern* claims does not usurp the constitutional prerogatives of Article III courts").

The counts at issue here are state law claims between private parties that are wholly independent of federal bankruptcy law. Thus, to the extent that LHC's claims are deemed to be *Stern* claims (*i.e.*, core proceedings pursuant to which the Bankruptcy Court has statutory authority to enter judgment but not constitutional authority), the Bankruptcy Court lacks jurisdiction to enter a final judgment as to these claims because not all parties have consented. Accordingly, the Court concludes that withdrawal of the reference is appropriate.

Therefore, whether the claims are core or non-core, the Court grants the motion to withdraw the reference. To the extent that Durkin and LaPato assert in a footnote that the Court should dismiss the case for lack of subject matter jurisdiction after withdrawing the reference, the Court declines to do so without further briefing. Defendants to file a motion addressing the Court's subject matter jurisdiction no later than July 24, 2015 and any response to be filed no later than August 7, 2015. No reply shall be filed unless so directed by the Court.

**Date**: July 8, 2015

                                      **Ronald A. Guzmán**
                                      **United States District Judge**